UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF GREAT AMERICAN INSURANCE COMPANY, subrogee to Glasgow Equipment Service, Inc., and GREAT AMERICAN INSURANCE COMPANY, in its own right,

    Plaintiffs,

v.

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA and ARCHER WESTERN CONSTRUCTION, LLC,

    Defendants.

Case No. _____
Div.  ____

# EXHIBIT E

## TOLLING AGREEMENT

This Tolling Agreement ("Agreement") is entered into on the date set forth below by and between Great American Insurance Company ("GAIC"), an Ohio corporation, Archer Western Construction, LLC ("AWC"), an Illinois limited liability company and Travelers Casualty and Surety Company of America ("Travelers"), a Connecticut corporation ("collectively referred to as the "Parties") to be effective upon the date of execution of this Agreement by all of the Parties.

### Recitals

WHEREAS, on or about September 5, 2013, AWC entered into a $75,714,070 construction contract no. W912EP-13-C-0020 with the U.S. Army Corps of Engineers (hereinafter referred to as "**Owner**") for the Miller Pump Station as part of the restoration of the Picayune Strand State Forest, Naples, FL (hereinafter referred to as the "**Project**"); and

WHEREAS, on or about September 10, 2013, Travelers issued performance and payment bonds numbered 105987261 as surety for AWC covering work on the Project (the "AWC Bonds"); and

WHEREAS, on or about March 27, 2014, Glasgow Equipment Service, Inc. (hereinafter referred to as "**Glasgow**") entered into a $1,618,450 subcontract # 213129 S 07 with AWC for the Project, under the terms and conditions set forth in the Subcontract (hereinafter referred to as the "**Subcontract**"); and

WHEREAS, Glasgow and GAIC executed and delivered to AWC a payment bond and a performance bond numbered 301 02 73 (the "Payment Bond" and the "Performance Bond," respectively) securing certain obligations of Glasgow and GAIC to AWC; and

WHEREAS, by letter dated March 30, 2017, AWC formally declared Glasgow to be in default of the Glasgow's obligations under the Subcontract (the "Notice of Default"), and by separate letter also dated March 30, 2017 AWC made demand upon GAIC under the Performance Bond; and

Whereas, GAIC, AWC and a replacement contractor, Cherokee Enterprises, Inc. ("Cherokee") entered into an interim agreement on or about July 5, 2017 ("Interim Agreement") for the completion of the work, wherein, among other things, GAIC and AWC confirmed that the contract funds, as of the Notice of Default, totaled $737,101.14 ("Contract Balance"); and

Whereas, GAIC, AWC and Cherokee subsequently entered into several additional addenda to the Interim Agreement, but the Contract Balance remained unchanged; and

Whereas, work under the Subcontract and Interim Agreement was substantially completed in February or March 2018; and

Whereas, by letter dated April 28, 2018, AWC informed GAIC that AWC's actual and potential damages resulting from Glasgow's default, and GAIC's liability to AWC under the Performance Bond, exceeded the Contract Balance, which position GAIC disputed; and

Whereas, by letter dated August 24, 2018 which letter enclosed a schedule analysis, GAIC demanded that AWC pay GAIC the Contract Balance, which position AWC disputed; and

Whereas, by email sent January 21, 2019 which email had attached to it a schedule analysis, AWC informed GAIC that AWC's actual damages resulting from Glasgow's default, and GAIC's liability to AWC under the Performance Bond, exceeded the Contract Balance, which position GAIC disputed; and

Whereas, GAIC has made numerous efforts both before and after completion seeking payment for some or all of the Contract Balance from AWC; and

Whereas, GAIC has also filed a payment bond claim against Travelers seeking payment of some or all of the Contract Balance; and

Whereas, AWC has not paid the Contract Balance to GAIC citing damages, including delay damages, in excess of the Contract Balance as an offset to the Contract Balance and as an affirmative claim against the Performance Bond, which damages, including delay damages are disputed by GAIC; and

Whereas, GAIC alleges it would otherwise have to soon institute litigation against AWC and Travelers to preserve GAIC's right to recover under the Travelers AWC Bonds; and

Whereas, the Parties desire to avoid litigation and further pursue settlement discussions toward a resolution of their dispute; and

NOW, THEREFORE, the Parties, for and in consideration of the mutual obligations and promises hereinafter set forth, do contract and agree as follows:

### Terms and Conditions

1. The above recitals and the terms and conditions are contractual and are not merely recitals and the agreements contained herein and the consideration transferred are to satisfy certain rights, defenses, and obligations between the Parties.

2. In consideration of and in reliance on the tolling agreement set forth herein, GAIC shall forebear from filing litigation against AWC and Travelers for a period of ninety (90) days from January 25, 2019.

3. AWC and Travelers agree to toll the running of any applicable statute of limitations for bringing an action under the AWC Bonds until and through May 15, 2019 so that any applicable statute of limitations period for an action under the AWC Bonds, not already expired as of January 25, 2019, shall be extended by AWC and Travelers until and through May 15, 2019.

4. The Parties will endeavor to continue settlement discussions during the tolling period in a good faith effort to resolve their disputes.

5. This Agreement contains the entire understanding between the Parties relating to the subject matter of this Agreement. Each party has had the opportunity to seek legal counsel from the attorney of their choice with respect to the legal significance of this Agreement. Each party likewise represents that they have the authority to enter into this Agreement and understand its terms.

6. This Agreement shall be governed and enforced pursuant to the Laws of the State of Florida.

7. The persons executing this Agreement represent that they have full authority to bind their respective principals to the terms hereof.

8. This Agreement may be executed in counterparts. Signatures transmitted by electronic means shall be effective.

WHEREFORE, the Parties have executed this Agreement by their authorized representatives.

Dated: 2/5/2019

**Great American Insurance Company**

By: _Eduardo F. Dudley_
Name (Print or Type)

_[signature]_
Signature

_Lead Fiduciary Product Counsel Attorney_
Title

3

Dated: 2-7-19                          **Archer Western Construction, LLC**

By: _____
         Name (Print or Type)

_____
Signature

_____
Title  Corporate Counsel


Dated: _____                   **Travelers Casualty and Surety Company of America**

By: _____
         Name (Print or Type)

_____
Signature

_____
Title

Dated:_____

**Archer Western Construction, LLC**

By:_____
Name (Print or Type)

_____
Signature

_____
Title

Dated: 2-5-2019

**Travelers Casualty and Surety Company of America**

By: Richard M Cipriano
Name (Print or Type)

_____
Signature

SR. Claim Representative
Title

4